RECEIVED

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

2005 DEC 23  A 10: 20

**MARDY B. WILLIAMS, SR.,**                    )
                                               )
          **Plaintiff,**                       )
                                               )
U.S. DISTRICT FILE                             )        CASE NO. 2:05CV1220-T
**vs.**                                        )
                                               )
**NORMENT SECURITY GROUP, INC.;**              )
**TED ARKUSZESKI; JOHN WOODS;**                )
**BURTICE BRIGHT; AND SHELBY DOE;**            )        **JURY TRIAL DEMANDED**
                                               )
          **Defendants.**                      )

## COMPLAINT

          COMES NOW the Plaintiff, Mardy B. Williams, Sr., in the above-styled action and

would show unto this Honorable Court as follows:

### STATEMENT OF THE PARTIES

          1.     Plaintiff Mardy B. Williams, Sr., ("Williams") is an individual over the age of

nineteen (19) years and a citizen of the City of Montgomery, Montgomery County, State of

Alabama.

          2.     Defendant Norment Security Group, Inc., ("Norment") is a corporation

incorporated in the State of Delaware and qualified to do business in the State of Alabama

and doing business in the City of Montgomery, Montgomery County, Alabama.

          3.     Defendant Ted Arkuszeski ("Arkuszeski") is an individual over the age of

nineteen (19) years and a citizen of Alabama.  Defendant Arkuszeski was at all times

material to this complaint an employee of Defendant Norment and  the immediate

supervisor of Plaintiff Williams.

          4.     Defendant John Woods ("Woods") is an individual over the age of nineteen

(19) years and a citizen of Alabama. Defendant Woods was at all times material to this complaint was employed as the plant manager for Defendant Norment.

5.      Defendant Burtice Bright ("Bright") is an individual over the age of nineteen (19) years and a citizen of Alabama. Defendant Bright was at all times material to this complaint was employed as the human resources manager for Defendant Norment.

6.      Defendant Shelby "Doe" is an individual over the age of nineteen (19) years and a citizen of Alabama. Defendant Doe was at all times material to this complaint employed by Defendant Norment as a computer draftsman and was a co-employee of Plaintiff. Defendant Doe's true and correct surname is currently unknown to Plaintiff but will be amended and substituted as soon as the correct name is discovered by Plaintiff.

## FACTUAL ALLEGATIONS

7.      Plaintiff realleges and adopts Paragraphs 1 through 6 as if fully set forth herein.

8.      Plaintiff Williams was hired by Defendant Norment on or about July 10, 2001, as a drill press operator in the fabrication department.

9.      Plaintiff Williams was injured in a workplace accident on or about February 24, 2003, during which he developed a bilateral inguinal hernia as a result of the heavy lifting he was required to do as a part of his normal job duties.

10.      Plaintiff Williams reported the injury to his supervisor, Defendant Arkuszeski, on or about the same day and Defendant Arkuszeski conducted a preliminary accident investigation and reported the injury to Defendant Norment's workers' compensation carrier on or about the same day or the day after.

11.      Plaintiff was examined on or about February 24, 2003, by Defendant

Norment's chosen physician, who initially diagnosed the hernia and referred Plaintiff Williams for surgery. The surgeon chosen by Defendant Norment's physician examined Plaintiff and determined that he did not need surgery.

12.    Subsequently, Plaintiff Williams continued to have pain due to the injury and was unable to perform the full extent of his duties due to the physical limitations he encountered as a result of the injury.

13.    Because Plaintiff was continuing to experience severe and intense pain, he sought medical treatment on his own and again the diagnosis was a bilateral inguinal hernia. Plaintiff's doctor also recommended surgery and referred Plaintiff to a surgeon.

14.    Plaintiff reported the diagnosis to his employer and the workers' compensation carrier, as well as the recommendation for surgery.

15.    Defendant Norment's workers' compensation insurer declined to utilize Plaintiff's surgeon and sent Plaintiff a panel from which Plaintiff could choose a new surgeon. Plaintiff chose a new surgeon and scheduled a new date for surgery.

16.    Plaintiff Williams underwent surgery on or about April 7, 2003 to repair the hernia in connection with his worker's compensation-related injury.

17.    Although Plaintiff reported his injury to Defendant Norment, he was not informed of his rights under the Workers Compensation Statute of Alabama nor did he receive his full compensation under the laws of Alabama.

18.    During Plaintiff's employment with Defendant Norment, Plaintiff Williams, who is black, was subjected to verbal and physical harassment from several of his co-workers; namely, Defendants Ted Arkuszeski, Shelby Doe and others, who are all white. Plaintiff Williams reported the harassment to his supervisor, Defendant Arkuszeski, who also had

engaged in the harassing conduct, on several occasions and requested that the harassment be stopped. Plaintiff Williams also complained of the harassment to Defendant Woods, the plant manager, and Defendant Bright, the human resources manager for Defendant Norment. Defendants Arkuszeski, Woods and Bright took no actions to stop the harassment of Plaintiff Williams.

19.    On or about April 30, 2004, Defendant Shelby Doe punched Plaintiff Williams in the arm while Plaintiff was in line at the time clock. Plaintiff Williams did not strike Defendant Shelby Doe as a result of the punch, but Plaintiff did warn Defendant Shelby Doe to keep his hands off of him.

20.    On or about April 30, 2004, Plaintiff Williams reported the incident detailed in Paragraph 19 to his immediate supervisor, Defendant Arkuszeski, and to Defendant Bright, the human resources manager. No action was taken by either of the Defendants to prevent any further harassment of Plaintiff Williams.

21.    On or about May 24, 2004, while Plaintiff Williams and several of his co-workers were in line to clock out for the day, Defendant Shelby Doe approached Plaintiff. Defendant Shelby Doe spoke to Plaintiff Williams in an derogatory and intimidating manner intended to humiliate Plaintiff and subsequently punched Plaintiff Williams in the stomach. Plaintiff Williams responded in self-defense by striking Defendant Shelby Doe across the face with an open palm and no desire to continue the fight but rather to stop it.. Defendant Shelby Doe retreated and no further physical altercation between Plaintiff Williams and Defendant Shelby Doe took place.

22.    Upon arriving at home that evening, Plaintiff Williams was contacted by his supervisor, Defendant Arkuszeski, and briefly questioned about the afternoon's incident.

Plaintiff was instructed not to report for duty at his usual time the next morning, but rather, to wait until 1:00 p.m. the following afternoon to come in for a meeting about the incident. Defendant Shelby Doe was questioned prior to Plaintiff and was sent home with pay for the rest of the day.

23.     On or about the morning of May 25, 2004, Plaintiff Williams received a call from a co-worker inquiring as to why Plaintiff had not shown up for work.  During the conversation with the co-worker, Plaintiff learned that Defendant Shelby Doe, who had instigated the altercation, had reported for work at his usual time and was performing his usual duties.

24.     Plaintiff Williams reported to the main entrance to the plant at 1:00 p.m. on May 25, 2004, as he was instructed.  At that time, Plaintiff Williams was informed by Defendant Bright that he was being terminated immediately due to his participation in the altercation of May 24th.  Defendant Shelby Doe, however, was not terminated for his role in the incident despite the fact that he initiated the contact.

25.     Plaintiff Williams filed for unemployment compensation and after an initial denial of his claim, a subsequent appeal on or about July 26, 2004 found that Defendant Norment had wrongfully terminated Plaintiff Williams, that Plaintiff had not engaged in the misconduct Defendant Norment had initially stated was the reason for his termination, and the Plaintiff was therefore allowed to collect his unemployment compensation. Defendant Norment did not appear at the appellate hearing nor did Defendant Norment contest any of the conclusions or actions of the unemployment compensation appeal.

26.     Plaintiff Williams filed a claim for racial and retaliation discrimination with the Equal Employment Opportunity Commission on or about August 24, 2004.  After an

investigation, EEOC determined that it had reasonable cause to find that Defendant Norment had wrongfully terminated Plaintiff Williams and issued Plaintiff Williams a Right to Sue letter which was mailed on or about September 23, 2005 and received by Plaintiff on or about September 26, 2005 (a copy of which is attached to this complaint as Exhibit "A").

**COUNT ONE**

**WRONGFUL TERMINATION OF EMPLOYMENT**

**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

27.    Plaintiffs reallege and adopt paragraphs 1 through 26 as if fully set forth herein.

28.    This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq., for relief based on an unlawful employment practice by Defendant Norment.  Jurisdiction of this Court is invoked pursuant to §706(f) of Title VII, 42 U.S.C. §2000 3-5(f).

29.    The unlawful employment practice alleged in this Complaint was committed in the Northern Division of the Middle District of the State of Alabama.

30.    Plaintiff has complied with all conditions precedent to jurisdiction under 42 U.S.C. §2000e-5.  Specifically, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the unlawful employment practice.  Notice of a Right to Sue was received on September 26, 2005.  This Complaint was filed within 90 days of receipt of the Notice.

31.    Plaintiff was employed by Defendant Norment on July 10, 2001 as a drill press machine operator.

32.    On several occasions, Plaintiff complained to Defendants Arkuszeski, Woods and Bright, that he was being harassed, both verbally and physically, by Defendant Shelby Doe, who is white. Defendant Norment, by and through its agents, Defendants Arkuszeski, Woods and Bright, failed to take any action to resolve Plaintiff's complaints.

33.    On or about May 24, 2004, Defendant Shelby Doe approached Plaintiff while Plaintiff was waiting in line to clock out at the end of the business day. Defendant Shelby Doe spoke to Plaintiff in an intimidating and racially derogatory manner and then proceeded to punch Plaintiff in the stomach. Plaintiff slapped Defendant Shelby Doe in the face in self defense. No further contact was had between Plaintiff and Defendant Shelby Doe and the two left for the day.

34.    Plaintiff received a telephone call from Defendant Bright on the evening of May 24, 2004, and was briefly questioned about the incident. He was instructed by Defendant Bright to not report for work the next morning at his usual time but to report to the main office at 1:00 p.m. the next afternoon to meet with Defendant Bright.

35.    On May 25, 2004, Plaintiff reported to work as he had been instructed by Defendant Bright. When he entered the office where the meeting was to take place, he observed that there were two checks made payable to him already prepared. Plaintiff was not given the opportunity to present his version of the previous afternoon's incident and was told that he was being discharged from employment allegedly for his participation in the altercation. Defendant Doe, however, was not discharged, despite having instigated the altercation.

36.    Defendant Norment, by and through its agents, Defendants Arkuszeski, Bright and Woods terminated Plaintiff's employment because of Plaintiff's involvement in activity

protected under Title VII as shown by Plaintiff's repeated complaints of the hostile work environment created by the harassment by Defendant Doe which culminated in the physical altercation on May 24, 2004, and Plaintiff's resulting termination while Defendant Doe was not so terminated. Defendant Norment's termination of Plaintiff in retaliation for Plaintiff's involvement in protected activity is an unlawful employment practice under 42. U.S.C. §2000e-3(a).

37.    As a result of Defendants' unlawful actions, Plaintiff has been deprived of all the benefits and privileges of employment in an amount to be established at trial. Plaintiff is therefore entitled to such affirmative relief as may be appropriate under 42 U.S.C. §2000e-5(g).

WHEREFORE, the above premises considered, Plaintiff prays for an order as follows: 1) for back pay and damages for Plaintiff's loss of earnings and benefits of the employment relationship; 2) for reinstatement to the position Plaintiff held with Defendant Norment at the time of discharge or to a similar position with all the attendant benefits and privileges to which he would be entitled had he been continuously employed or for front pay to compensate for the lost employment opportunity; and 3) for the costs, including attorney's fees, of the trial of this claim and any appeal, and any other relief to which the Plaintiff is justly entitled.

## COUNT TWO

## WRONGFUL TERMINATION OF EMPLOYMENT

### IN VIOLATION OF 42 U.S.C. §1981

38.    Plaintiffs reallege paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39.    This action is authorized and instituted pursuant to 42 U.S.C. §1981 for relief based on an unlawful employment practice by Defendant Norment which resulted in Plaintiff, a black person, being denied the full and equal benefit of his employment with Defendant Norment as his white co-worker, Defendant Shelby Doe received, with no legitimate justification for the disparity in treatment.

40.    The unlawful employment practice alleged in this Complaint was committed in the Northern Division of the Middle District of the State of Alabama.

41.    Plaintiff was employed by Defendant Norment on July 10, 2001 as a drill press machine operator.

42.    On several occasions, Plaintiff complained to Defendants Arkuszeski, Woods and Bright, that he was being harassed, both verbally and physically, by Defendant Shelby Doe, who is white. Defendant Norment, by and through its agents, Defendants Arkuszeski, Woods and Bright, failed to take any action to resolve Plaintiff's complaints.

43.    On or about May 24, 2004, Defendant Shelby Doe approached Plaintiff while Plaintiff was waiting in line to clock out at the end of the business day. Defendant Shelby Doe spoke to Plaintiff in an intimidating and racially derogatory manner and then proceeded to punch Plaintiff in the stomach. Plaintiff slapped Defendant Shelby Doe in the face in self defense. No further contact was had between Plaintiff and Defendant Shelby Doe and the two left for the day.

44.    Plaintiff received a telephone call from Defendant Bright on the evening of May 24, 2004, and was briefly questioned about the incident. He was instructed by Defendant Bright to not report for work the next morning at his usual time but to report to the main office at 1:00 p.m. the next afternoon to meet with Defendant Bright.

45.    On May 25, 2004, Plaintiff reported to work as he had been instructed by Defendant Bright. When he entered the office where the meeting was to take place, he observed that there were two checks made payable to him already prepared. Plaintiff was not given the opportunity to present his version of the previous afternoon's incident and was told that he was being discharged from employment allegedly for his participation in the altercation. Defendant Doe, however, was not discharged, despite having instigated the altercation.

46.    Defendant Norment, by and through its agents, Defendants Arkuszeski, Bright and Woods terminated Plaintiff's employment because Plaintiff is black and Defendant Doe is white. There was no legitimate reason for Plaintiff to be terminated or for the disparity in treatment of Plaintiff and Defendant Doe. Defendant Norment's termination of Plaintiff is in violation of the rights afforded to him by 42. U.S.C. §1981.

47.    As a result of Defendants' unlawful actions, Plaintiff has been deprived of all the benefits and privileges of employment in an amount to be established at trial. Plaintiff is therefore entitled to such affirmative relief as may be appropriate under 42 U.S.C. §1981.

WHEREFORE, the above premises considered, Plaintiff prays for an order as follows: 1) for back pay and damages for Plaintiff's loss of earnings and benefits of the employment relationship; 2) for reinstatement to the position Plaintiff held with Defendant Norment at the time of discharge or to a similar position with all the attendant benefits and privileges to which he would be entitled had he been continuously employed or for front pay to compensate for the lost employment opportunity; and 3) for the costs, including attorney's fees, of the trial of this claim and any appeal, and any other relief to which the Plaintiff is justly entitled.

## COUNT THREE

## OUTRAGE

48.    Plaintiffs reallege paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49.    On or about May 24, 2004, Defendant Shelby Doe continued his pattern of engaging in the harassment and abuse of Plaintiff by verbally harassing Plaintiff and subsequently punching him in the chest.

50.    As a result of the May 24, 2004, incident between Defendant Shelby Doe and Plaintiff, Defendants Norment, Arkuszeski, Bright, and Woods terminated Plaintiff's employment with Defendant Norment, although Defendant Shelby was not terminated, despite having initiated the incident.

51.    The acts of Defendants Shelby, Norment, Arkuszeski, Bright, and Woods, described in Paragraphs 34 and 35 of this Complaint, were done willfully, maliciously, outrageously, deliberately, and purposely with the intention to inflict emotional distress upon Plaintiff and/or were done in reckless disregard of the probability of causing Plaintiff emotional distress, and these acts did in fact result in severe and extreme emotional distress.

52.    As a direct and proximate result of the acts of Defendants Shelby, Norment, Arkuszeski, Bright, and Woods alleged herein, Plaintiff was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, and anxiety. Plaintiff continues to be fearful, anxious and nervous. For this harm, Plaintiff requests compensatory damages in an amount to be determined by a jury, but not less than $10,000.

WHEREFORE, Plaintiff prays for entry of an order against Defendants Shelby, Norment, Arkuszeski, Bright, and Woods, jointly and severally, as follows: compensatory damages in an amount to be determined by a jury at trial, but not less than $10,000; punitive damages in an amount to be determined by a jury at trial; and costs associated with this suit and such other relief as the Court deems just and proper.

## COUNT FOUR

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

53.     Plaintiffs reallege paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54.     On or about May 24, 2004, Defendant Shelby Doe continued his pattern of engaging in the harassment and abuse of Plaintiff by verbally harassing Plaintiff and subsequently punching him in the chest.

55.     As a result of the May 24, 2004, incident between Defendant Shelby Doe and Plaintiff, Defendants Norment, Arkuszeski, Bright, and Woods terminated Plaintiff's employment with Defendant Norment, although Defendant Shelby was not terminated, despite having initiated the incident.

56.     The acts of Defendants Shelby, Norment, Arkuszeski, Bright, and Woods described in Paragraphs 54 and 55 of this Complaint, were done negligently and/or wantonly in disregard of the probability of causing Plaintiff emotional distress, and these acts did in fact result in severe and extreme emotional distress.

57.     As a direct and proximate result of the acts of Defendants Shelby, Norment, Arkuszeski, Bright, and Woods alleged herein, Plaintiff was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, and anxiety.

Plaintiff continues to be fearful, anxious and nervous. For this harm, Plaintiff requests compensatory damages in an amount to be determined by a jury, but not less than $10,000.

WHEREFORE, Plaintiff prays for entry of an order against Defendants Shelby, Norment, Arkuszeski, Bright, and Woods, jointly and severally, as follows: compensatory damages in an amount to be determined by a jury at trial, but not less than $10,000; punitive damages in an amount to be determined by a jury at trial; and costs associated with this suit and such other relief as the Court deems just and proper.

## COUNT FIVE

### TORTIOUS INTERFERENCE WITH EMPLOYMENT RELATIONSHIP

58.     Plaintiffs reallege paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59.     Defendant Shelby Doe was at all times material to this Complaint employed by Defendant Norment as a computer draftsman. Defendant Shelby Doe had no supervisory or managerial authority over Plaintiff and was employed in a department separate and apart from Plaintiff.

60.     On several occasions throughout the employment of Plaintiff, Defendant Shelby Doe engaged in repeated verbal harassment of Plaintiff. On at least two occasions, Defendant Shelby Doe physically harassed Plaintiff by punching Plaintiff. Plaintiff warned Defendant Shelby Doe after the first offensive touching that such action was unwelcome and would not be tolerated. After the second incident, on or about May 24, 2004, Plaintiff reacted in self-defense and was terminated the following day for his action in self-defense.

61.     Defendant Shelby Doe's conduct was intended to cause Plaintiff to become

disruptive and/or intimidated and to either voluntarily quit his employment with Defendant Norment or react in such a way as to cause Defendant Norment to terminate the Plaintiff's employment.

62.    Defendant Shelby Doe's conduct was the proximate cause of Plaintiff's termination from Defendant Norment and the actions were performed with the intent of causing or inducing Plaintiff's termination.

63.    The actions of Defendant Shelby Doe were performed without any justification based upon a legitimate interest of Defendant Norment, and were performed maliciously and with the sole purpose of harassing the Plaintiff.

WHEREFORE, Plaintiff respectfully prays for an order against Defendant Shelby Doe as follows: compensatory damages for wages and benefits lost during the period of Plaintiff's unemployment, and for lost differential wages and benefits to the date of Plaintiff's expected retirement in an amount to be determined at trial, but not less than $10,000; punitive damages in an amount to be determined at trial; any other relief to which Plaintiff may be properly and justly entitled.

Respectfully submitted this the _28<u>th</u>_ day of December, 2005.

_____
BRANTLEY W. LYONS (LYO005)
Attorney for Plaintiff

OF COUNSEL:
Brantley W. Lyons, P.C.
Attorney at Law
4256 Lomac Street
Montgomery, AL 36106
Telephone: (334) 270-0157
Facsimile:   (334) 270-8580

_Chandra C Wright_

**CHANDRA C. WRIGHT (WRI037)**
Attorney for Plaintiff

OF COUNSEL:
Chandra C. Wright, P.C.
Attorney at Law
P.O. Box 681862
Prattville, Alabama 36068
Telephone: (334) 315-5905
Facsimile:   (334) 356-1733

PLEASE SERVE DEFENDANTS AT THE FOLLOWING ADDRESSES:

Defendant Norment Security Group, Inc.
3224 Mobile Highway
Montgomery, Alabama 36108

The Corporation Company
Registered Agent for Defendant Norment Security Group, Inc.
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Defendant Ted Arkuszeski
c/o Norment Security Group, Inc.
3224 Mobile Highway
Montgomery, Alabama 36108

Defendant John Woods
c/o/ Norment Security Group, Inc.
3224 Mobile Highway
Montgomery, Alabama 36108

Defendant Burtice Bright
c/o Norment Security Group, Inc.
3224 Mobile Highway
Montgomery, Alabama 36108

Defendant Shelby Doe
c/o/ Norment Security Group, Inc.
3224 Mobile Highway
Montgomery, Alabama 36108