IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARDY B. WILLIAMS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:05CV1220-7 |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| NORMENT SECURITY GROUP, INC., ) | |
| TED ARKUSZESKI, JOHN WOODS, ) | |
| BURTICE BRIGHT, AND SHELBY DOE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT NORMENT SECURITY GROUP, INC.'S
ANSWER TO COMPLAINT COUNTS I AND II**

Defendant Norment Security Group, Inc. ("Defendant" or "Norment"), by and through its attorneys, states as follows for its Answer to Complaint Counts I and II:

**STATEMENT OF THE PARTIES**

**COMPLAINT ¶ 1:**

Plaintiff Mardy B. Williams, Sr., ("Williams") is an individual over the age of nineteen (19) years and a citizen of the City of Montgomery, Montgomery County, State of Alabama.

**ANSWER:**

Defendant admits that Plaintiff is over the age of nineteen (19) years but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint.

**COMPLAINT ¶ 2:**

Defendant Norment Security Group, Inc., ("Norment") is a corporation incorporated in the State of Delaware and qualified to do business in the State of Alabama and doing business in the City of Montgomery, Montgomery County, Alabama.

**ANSWER:**

Defendant admits the allegations contained in paragraph 2 of the Complaint.

**COMPLAINT ¶ 3:**

Defendant Ted Arkuszeski ("Arkuszeski") is an individual over the age of nineteen (19) years and a citizen of Alabama. Defendant Arkuszeski was at all times material to this complaint an employee of Defendant Norment and the immediate supervisor of Plaintiff Williams.

**ANSWER:**

Defendant admits the allegations contained in the first sentence of paragraph 3 of the Complaint. Defendant further admits that Defendant Ted Arkuszeski is employed by Defendant. To the extent that the term "at all times material to this complaint" is vague and ambiguous as it relates to the times that Defendant Ted Arkuszeski was employed by Defendant, Defendant neither admits nor denies the allegations contained in paragraph 3 of the Complaint.

**COMPLAINT ¶ 4:**

Defendant John Woods ("Woods") is an individual over the age of nineteen (19) years and a citizen of Alabama. Defendant Woods was at all times material to this complaint was employed as the plant manager for Defendant Norment.

**ANSWER:**

Defendant admits the allegations contained in the first sentence of paragraph 4 of the Complaint.[1] Defendant further admits that Defendant John Wood is employed by Defendant. To the extent that the term "at all times material to this complaint" is vague and ambiguous as it relates to the times that Defendant John Wood was employed by Defendant, Defendant neither admits nor denies the allegations contained in paragraph 4 of the Complaint.

**COMPLAINT ¶ 5:**

Defendant Burtice Bright ("Bright") is an individual over the age of nineteen (19) years and a citizen of Alabama. Defendant Bright was at all times material to this complaint was employed as the human resources manager for Defendant Norment.

---

[1] Defendant John Wood is incorrectly identified as "John Woods" throughout the Complaint.

2

**ANSWER:**

Defendant admits the allegations contained in the first sentence of paragraph 5 of the Complaint. Defendant further admits that Defendant Burtice Bright is employed by Defendant. To the extent that the term "at all times material to this complaint" is vague and ambiguous as it relates to the times that Defendant Burtice Bright was employed by Defendant, Defendant neither admits nor denies the allegations contained in paragraph 5 of the Complaint.

**COMPLAINT ¶ 6:**

Defendant Shelby "Doe" is an individual over the age of nineteen (19) years and a citizen of Alabama. Defendant Doe was at all times material to this complaint employed by Defendant Norment as a computer draftsman and was a co-employee of Plaintiff. Defendant Doe's true and correct surname is currently unknown to Plaintiff but will be amended and substituted as soon as the correct name is discovered by Plaintiff.

**ANSWER:**

Defendant admits the allegations contained in the first sentence of paragraph 6 of the Complaint. Defendant further admits that Defendant Shelby Doe is employed by Defendant. To the extent that the term "at all times material to this complaint" is vague and ambiguous as it relates to the times that Defendant Shelby Doe was employed by Defendant, Defendant neither admits nor denies the allegations contained in paragraph 6 of the Complaint.

**FACTUAL ALLEGATIONS**

**COMPLAINT ¶ 7:**

Plaintiff[sic] realleges and adopts Paragraphs 1 through 6 as if fully set forth herein.

**ANSWER:**

Defendant realleges and incorporates by reference its answers to paragraphs 1 through 6 as its answer to paragraph 7.

**COMPLAINT ¶ 8:**

Plaintiff Williams was hired by Defendant Norment on or about July 10, 2001, as a drill press operator in the fabrication department.

CH1 11018921.2

**ANSWER:**

Defendant admits that Plaintiff Williams worked in Defendant's fabrication department. Defendant denies the remaining allegations contained in paragraph 8 of the Complaint. By way of further answer, Defendant states that it hired Plaintiff on July 22, 2002 as a machine operator in the fabrication department.

**COMPLAINT ¶ 9:**

Plaintiff Williams was injured in a workplace accident on or about February 24, 2003, during which he developed a bilateral inguinal hernia as a result of the heavy lifting he was required to do as a part of his normal job duties.

**ANSWER:**

Defendant admits that Plaintiff reported a workplace accident on or about February 24, 2003. Defendant further admits that Plaintiff suffered from a hernia. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint.

**COMPLAINT ¶ 10:**

Plaintiff Williams reported the injury to his supervisor, Defendant Arkuszeski, on or about the same day and Defendant Arkuszeski conducted a preliminary accident investigation and reported the injury to Defendant Norment's workers' compensation carrier on or about the same day or the day after.

**ANSWER:**

Defendant admits the allegations contained in paragraph 10 of the Complaint.

**COMPLAINT ¶ 11:**

Plaintiff was examined on or about February 24, 2003, by Defendant Norment's chosen physician, who initially diagnosed the hernia and referred Plaintiff Williams for surgery. The surgeon chosen by Defendant Norment's physician examined Plaintiff and determined that he did not need surgery.

**ANSWER:**

Defendant admits the allegations contained in paragraph 11 of the Complaint.

**COMPLAINT ¶ 12:**

Subsequently, Plaintiff Williams continued to have pain due to the injury and was unable to perform the full extent of his duties due to the physical limitations he encountered as a result of the injury.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

**COMPLAINT ¶ 13:**

Because Plaintiff was continuing to experience severe and intense pain, he sought medical treatment on his own and again the diagnosis was a bilateral inguinal hernia. Plaintiff's doctor also recommended surgery and referred Plaintiff to a surgeon.

**ANSWER:**

Defendant admits that Plaintiff sought medical treatment on his own and that his doctor recommended surgery and referred a surgeon. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint.

**COMPLAINT ¶ 14:**

Plaintiff reported the diagnosis to his employer and the workers' compensation carrier, as well as the recommendation for surgery.

**ANSWER:**

Defendant admits the allegations contained in paragraph 14 of the Complaint.

**COMPLAINT ¶ 15:**

Defendant Norment's workers' compensation insurer declined to utilize Plaintiff's surgeon and sent Plaintiff a panel from which Plaintiff could choose a new surgeon. Plaintiff chose a new surgeon and scheduled a new date for surgery.

**ANSWER:**

Defendant admits the allegations contained in paragraph 15 of the Complaint.

CH1 11018921.2

**COMPLAINT ¶ 16:**

Plaintiff Williams underwent surgery on or about April 7, 2003 to repair the hernia in connection with his worker's compensation-related injury.

**ANSWER:**

Defendant admits that Plaintiff underwent surgery in April 2003. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint.

**COMPLAINT ¶ 17:**

Although Plaintiff reported his injury to Defendant Norment, he was not informed of his rights under the Workers Compensation Statute of Alabama nor did he receive his full compensation under the laws of Alabama.

**ANSWER:**

Defendant admits that Plaintiff reported his injury to Defendant. Defendant denies the remaining allegations contained in paragraph 17 of the Complaint.

**COMPLAINT ¶ 18:**

During Plaintiff's employment with Defendant Norment, Plaintiff Williams, who is black, was subjected to verbal and physical harassment from several of his co-workers; namely, Defendants Ted Arkuszeski, Shelby Doe and others, who are all white. Plaintiff Williams reported the harassment to his supervisor, Defendant Arkuszeski, who also had engaged in the harassing conduct, on several occasions and requested that the harassment be stopped. Plaintiff Williams also complained of the harassment to Defendant Woods, the plant manager, and Defendant Bright, the human resources manager for Defendant Norment. Defendants Arkuszeski, Woods and Bright took no actions to stop the harassment of Plaintiff Williams.

**ANSWER:**

Defendant admits that Plaintiff is a former employee of Defendant and African-American. Defendant further admits that Plaintiff reported alleged harassment to Defendants Arkuszeski, Wood, and Bright. Defendant denies the remaining allegations contained in paragraph 18 of the Complaint.

CH1 11018921.2

**COMPLAINT ¶ 19:**

On or about April 30, 2004, Defendant Shelby Doe punched Plaintiff Williams in the arm while Plaintiff was in line at the time clock. Plaintiff Williams did not strike Defendant Shelby Doe as a result of the punch, but Plaintiff did warn Defendant Shelby Doe to keep his hands off of him.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

**COMPLAINT ¶ 20:**

On or about April 30, 2004, Plaintiff Williams reported the incident detailed in Paragraph 19 to his immediate supervisor, Defendant Arkuszeski, and to Defendant Bright, the human resources manager. No action was taken by either of the Defendants to prevent any further harassment of Plaintiff Williams.

**ANSWER:**

Defendant denies the allegations contained in paragraph 20 of the Complaint.

**COMPLAINT ¶ 21:**

On or about May 24, 2004, while Plaintiff Williams and several of his co-workers were in line to clock out for the day, Defendant Shelby Doe approached Plaintiff. Defendant Shelby Doe spoke to Plaintiff Williams in an derogatory and intimidating manner intended to humiliate Plaintiff and subsequently punched Plaintiff Williams in the stomach. Plaintiff Williams responded in self-defense by striking Defendant Shelby Doe across the face with an open palm and no desire to continue the fight but rather to stop it..[sic] Defendant Shelby Doe retreated and no further physical altercation between Plaintiff Williams and Defendant Shelby Doe took place.

**ANSWER:**

Defendant admits that on or about May 24, 2004 Plaintiff was involved in an altercation with one of his co-workers near the time clock. Defendant denies the remaining allegations contained in paragraph 21 of the Complaint.

**COMPLAINT ¶ 22:**

Upon arriving at home that evening, Plaintiff Williams was contacted by his supervisor, Defendant Arkuszeski, and briefly questioned about the afternoon's incident. Plaintiff was instructed not to report for duty at his usual time the next morning, but rather, to wait until

7

1:00 p.m. the following afternoon to come in for a meeting about the incident. Defendant Shelby Doe was questioned prior to Plaintiff and was sent home with pay for the rest of the day.

**ANSWER:**

Defendant admits that on or about May 24, 2004 Defendant Arkuszeski questioned Plaintiff and Plaintiff's co-worker regarding their physical altercation. Defendant further admits that Defendant Arkuszeski instructed Plaintiff to report to work at 1:00 p.m. the following day to discuss the incident. Defendant denies the remaining allegations contained in paragraph 22 of the Complaint.

**COMPLAINT ¶ 23:**

On or about the morning of May 25, 2004, Plaintiff Williams received a call from a co-worker inquiring as to why Plaintiff had not shown up for work. During the conversation with the co-worker, Plaintiff learned that Defendant Shelby Doe, who had instigated the altercation, had reported for work at his usual time and was performing his usual duties.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

**COMPLAINT ¶ 24:**

Plaintiff Williams reported to the main entrance to the plant at 1:00 p.m. on May 25, 2004, as he was instructed. At that time, Plaintiff Williams was informed by Defendant Bright that he was being terminated immediately due to his participation in the altercation of May 24th. Defendant Shelby Doe, however, was not terminated for his role in the incident despite the fact that he initiated the contact.

**ANSWER:**

Defendant admits the allegations contained in the first and second sentences of paragraph 24 of the Complaint. Defendant denies the remaining allegations contained in paragraph 24 of the Complaint.

**COMPLAINT ¶ 25:**

Plaintiff Williams filed for unemployment compensation and after an initial denial of his claim, a subsequent appeal on or about July 26, 2004 found that Defendant Norment had

CH1 11018921.2

wrongfully terminated Plaintiff Williams, that Plaintiff had not engaged in the misconduct Defendant Norment had initially stated was the reason for his termination, and the Plaintiff was therefore allowed to collect his unemployment compensation. Defendant Norment did not appear at the appellate hearing nor did Defendant Norment contest any of the conclusions or actions of the unemployment compensation appeal.

**ANSWER:**

Defendant admits that Plaintiff filed for unemployment compensation, that his initial claim was denied, and that he appealed the denial. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 25 of the Complaint. Defendant admits that it did not appear at the appeal hearing. Defendant denies the remaining allegations contained in paragraph 25 of the Complaint.

**COMPLAINT ¶ 26:**

Plaintiff Williams filed a claim for racial and retaliation discrimination with the Equal Employment Opportunity Commission on or about August 24, 2004. After an investigation, EEOC determined that it had reasonable cause to find that Defendant Norment had wrongfully terminated Plaintiff Williams and issued Plaintiff Williams a Right to Sue letter which was mailed on or about September 23, 2005 and received by Plaintiff on or about September 26, 2005 (a copy of which is attached to this complaint as Exhibit "A").

**ANSWER:**

Defendant admits the allegations contained in the first sentence of paragraph 26 of the Complaint. Defendant further admits that the EEOC issued Plaintiff a right to sue letter dated September 23, 2005. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint.

## COUNT ONE

### WRONGFUL TERMINATION OF EMPLOYMENT
### IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

**COMPLAINT ¶ 27:**

Plaintiffs reallege and adopt paragraphs 1 through 26 as if fully set forth herein.

CH1 11018921.2

**ANSWER:**

Defendant incorporates by reference its previous answers.

**COMPLAINT ¶ 28:**

This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of1964[sic], 42 U.S.C. §§2000e et seq., for relief based on an unlawful employment practice by Defendant Norment.  Jurisdiction of this Court is invoked pursuant to §706(f) of Title VII, 42 U.S.C. §2000 3-5(f).

**ANSWER:**

Defendant admits that this Court has subject matter jurisdiction as to certain claims of Plaintiff.  Defendant denies all remaining allegations contained in paragraph 28 of the Complaint.

**COMPLAINT ¶ 29:**

The unlawful employment practice alleged in this Complaint was committed in the Northern Division of the Middle District of the State of Alabama.

**ANSWER:**

Defendant denies the allegations contained in paragraph 29 of the Complaint.

**COMPLAINT ¶ 30:**

Plaintiff has complied with all conditions precedent to jurisdiction under 42 U.S.C. §2000e-5.  Specifically, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the unlawful employment practice.  Notice of a Right to Sue was received on September 26, 2005.  This Complaint was filed within 90 days of receipt of the Notice.

**ANSWER:**

Defendant admits that Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the date on which Plaintiff received a right to sue letter from the EEOC.  Defendant denies the remaining allegations contained in paragraph 30 of the Complaint.

10

**COMPLAINT ¶ 31:**

Plaintiff was employed by Defendant Norment on July 10, 2001 as a drill press machine operator.

**ANSWER:**

Defendant admits that Plaintiff Williams worked in Defendant's fabrication department. Defendant denies the remaining allegations contained in paragraph 31 of the Complaint. By way of further answer, Defendant states that it hired Plaintiff on July 22, 2002 as a machine operator in the fabrication department.

**COMPLAINT ¶ 32:**

On several occasions, Plaintiff complained to Defendants Arkuszeski, Woods and Bright, that he was being harassed, both verbally and physically, by Defendant Shelby Doe, who is white. Defendant Norment, by and through its agents, Defendants Arkuszeski, Woods and Bright, failed to take any action to resolve Plaintiff's complaints.

**ANSWER:**

Defendant admits that Plaintiff complained about his co-workers to Defendants Arkuszeski, Wood, and Bright. Defendant further admits that Defendant Shelby Doe is Caucasian. Defendant denies the remaining allegations contained in paragraph 32 of the Complaint.

**COMPLAINT ¶ 33:**

On or about May 24, 2004, Defendant Shelby Doe approached Plaintiff while Plaintiff was waiting in line to clock out at the end of the business day. Defendant Shelby Doe spoke to Plaintiff in an intimidating and racially derogatory manner and then proceeded to punch Plaintiff in the stomach. Plaintiff slapped Defendant Shelby Doe in the face in self defense. No further contact was had between Plaintiff and Defendant Shelby Doe and the two left for the day.

**ANSWER:**

Defendant admits that on or about May 24, 2004 Plaintiff was involved in an altercation with one of his co-workers near the time clock. Defendant denies the allegation contained in the second and third sentences of paragraph 33 of the Complaint. Defendant is without knowledge

11

or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33 of the Complaint.

**COMPLAINT ¶ 34:**

Plaintiff received a telephone call from Defendant Bright on the evening of May 24, 2004, and was briefly questioned about the incident. He was instructed by Defendant Bright to not report for work the next morning at his usual time but to report to the main office at 1:00 p.m. the next afternoon to meet with Defendant Bright.

**ANSWER:**

Defendant denies the allegations contained in paragraph 34 of the Complaint.

**COMPLAINT ¶ 35:**

On May 25, 2004, Plaintiff reported to work as he had been instructed by Defendant Bright. When he entered the office where the meeting was to take place, he observed that there were two checks made payable to him already prepared. Plaintiff was not given the opportunity to present his version of the previous afternoon's incident and was told that he was being discharged from employment allegedly for his participation in the altercation. Defendant Doe, however, was not discharged, despite having instigated the altercation.

**ANSWER:**

Defendant admits the allegations contained in the first sentence of paragraph 35 of the Complaint. Defendant further admits that it discharged Plaintiff in part because of the referenced physical altercation and that it suspended Defendant Doe for his involvement in the altercation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 35 of the Complaint. Defendant denies the remaining allegations contained in paragraph 35 of the Complaint.

**COMPLAINT ¶ 36:**

Defendant Norment, by and through its agents, Defendants Arkuszeski, Bright and Woods terminated Plaintiff's employment because of Plaintiff's involvement in activity protected under Title VII as shown by Plaintiff's repeated complaints of the hostile work environment created by the harassment by Defendant Doe which culminated in the physical altercation on May 24, 2004, and Plaintiff's resulting termination while Defendant Doe was not so terminated. Defendant Norment's termination of Plaintiff in retaliation for Plaintiff's

involvement in protected activity is an unlawful employment practice under 42 U.S.C. §2000e-3(a).

**ANSWER:**

Defendant admits that it terminated Plaintiff's employment. Defendant denies the remaining allegations contained in paragraph 36 of the Complaint.

**COMPLAINT ¶ 37:**

As a result of Defendants' unlawful actions, Plaintiff has been deprived of all the benefits and privileges of employment in an amount to be established at trial. Plaintiff is therefore entitled to such affirmative relief as may be appropriate under 42 U.S.C. §2000e-5(g).

**ANSWER:**

Defendant denies the allegations contained in paragraph 37 of the Complaint.

## COUNT TWO

## WRONGFUL TERMINATION OF EMPLOYMENT
## IN VIOLATION OF 42 U.S.C. §1981

**COMPLAINT ¶ 38:**

Plaintiffs reallege paragraphs 1 through 37 of the Complaint as if fully set forth herein.

**ANSWER:**

Defendant incorporates by reference its previous answers.

**COMPLAINT ¶ 39:**

This action is authorized and instituted pursuant to 42 U.S.C. §1981 for relief based on an unlawful employment practice by Defendant Norment which resulted in Plaintiff, a black person, being denied the full and equal benefit of his employment with Defendant Norment as his white co-worker, Defendant Shelby Doe received, with no legitimate justification for the disparity in treatment.

**ANSWER:**

Defendant denies the allegations contained in paragraph 39 of the Complaint.

**COMPLAINT ¶ 40:**

The unlawful employment practice alleged in this Complaint was committed in the Northern Division of the Middle District of the State of Alabama.

CH1 11018921.2

**ANSWER:**

Defendant denies the allegations contained in paragraph 40 of the Complaint.

**COMPLAINT ¶ 41:**

Plaintiff was employed by Defendant Norment on July 10, 2001 as a drill press machine operator.

**ANSWER:**

Defendant admits that Plaintiff Williams worked in Defendant's fabrication department. Defendant denies the remaining allegations contained in paragraph 41 of the Complaint. By way of further answer, Defendant states that it hired Plaintiff on July 22, 2002 as a machine operator in the fabrication department.

**COMPLAINT ¶ 42:**

On several occasions, Plaintiff complained to Defendants Arkuszeski, Woods and Bright, that he was being harassed, both verbally and physically, by Defendant Shelby Doe, who is white. Defendant Norment, by and through its agents, Defendants Arkuszeski, Woods and Bright, failed to take any action to resolve Plaintiff's complaints.

**ANSWER:**

Defendant admits that Plaintiff complained about his co-workers to Defendants Arkuszeski, Wood, and Bright. Defendant denies the remaining allegations contained in paragraph 42 of the Complaint.

**COMPLAINT ¶ 43:**

On or about May 24, 2004, Defendant Shelby Doe approached Plaintiff while Plaintiff was waiting in line to clock out at the end of the business day. Defendant Shelby Doe spoke to Plaintiff in an intimidating and racially derogatory manner and then proceeded to punch Plaintiff in the stomach. Plaintiff slapped Defendant Shelby Doe in the face in self defense. No further contact was had between Plaintiff and Defendant Shelby Doe and the two left for the day.

**ANSWER:**

Defendant admits that Plaintiff was involved in a physical altercation with one of his co-workers on or about May 24, 2004 near the time clock. Defendant is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of paragraph 43 of the Complaint. Defendant denies the remaining allegations contained in paragraph 43 of the Complaint.

**COMPLAINT ¶ 44:**

Plaintiff received a telephone call from Defendant Bright on the evening of May 24, 2004, and was briefly questioned about the incident. He was instructed by Defendant Bright to not report for work the next morning at his usual time but to report to the main office at 1:00 p.m. the next afternoon to meet with Defendant Bright.

**ANSWER:**

Defendant denies the allegations contained in paragraph 44 of the Complaint.

**COMPLAINT ¶ 45:**

On May 25, 2004, Plaintiff reported to work as he had been instructed by Defendant Bright. When he entered the office where the meeting was to take place, he observed that there were two checks made payable to him already prepared. Plaintiff was not given the opportunity to present his version of the previous afternoon's incident and was told that he was being discharged from employment allegedly for his participation in the altercation. Defendant Doe, however, was not discharged, despite having instigated the altercation.

**ANSWER:**

Defendant admits the allegations contained in the first sentence of paragraph 45 of the Complaint. Defendant further admits that it discharged Plaintiff in part because of the referenced physical altercation and that it suspended Defendant Doe for his involvement in the altercation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 45 of the Complaint. Defendant denies the remaining allegations contained in paragraph 45 of the Complaint.

**COMPLAINT ¶ 46:**

Defendant Norment, by and through its agents, Defendants Arkuszeski, Bright and Woods terminated Plaintiff's employment because Plaintiff is black and Defendant Doe is white. There was no legitimate reason for Plaintiff to be terminated or for the disparity in treatment of Plaintiff and Defendant Doe. Defendant Norment's termination of Plaintiff is in violation of the rights afforded to him by 42 U.S.C. §1981.

CH1 11018921.2

**ANSWER:**

Defendant denies the allegations contained in paragraph 46 of the Complaint.

**COMPLAINT ¶ 47:**

As a result of Defendants' unlawful actions, Plaintiff has been deprived of all the benefits and privileges of employment in an amount to be established at trial. Plaintiff is therefore entitled to such affirmative relief as may be appropriate under 42 U.S.C. §1981.

**ANSWER:**

Defendant denies the allegations contained in paragraph 47 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's allegations fail to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred to the extent that he seeks to base his claims on events occurring outside the applicable statutes of limitations.

3. Plaintiff's Title VII claims are barred by a failure to exhaust his administrative remedies to the extent that any allegations were not raised in the charge of discrimination he filed with the EEOC.

4. Plaintiff's Title VII claims are barred to the extent that Plaintiff filed the complaint more than 90 days after he received a notice of right to sue from the EEOC.

5. All or part of Plaintiff's punitive damages claims are barred because Defendant has made good faith efforts to comply with Title VII and all applicable anti-discrimination laws and did not act with malice or reckless indifference to Plaintiff's federally- protected rights.

6. Plaintiff's claims for damages are barred to the extent that he failed to make reasonable efforts to mitigate his damages.

WHEREFORE, Defendant Norment Security Group, Inc. denies that Plaintiff is entitled to any of the relief requested in the Complaint or any relief whatsoever, and Defendant

CH1 11018921.2

respectfully request that Plaintiff takes nothing by his Complaint and that Defendant be awarded its reasonable attorneys fees and costs and such other and further relief as this Court may deem just and proper.

                                Respectfully submitted,

                                NORMENT SECURITY GROUP, INC.,

                                By: _____s/ Bruce Downey_____
                                                       One of Its Attorneys

**Dated: February 22, 2006**

Bruce J. Downey, III
Capell & Howard P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8000

John W. Powers (motion for admission *pro hac vice* pending)
Molly Eastman (motion for admission *pro hac vice* pending)
Seyfarth Shaw LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
(312) 269-8000

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2006, I electronically filed **Defendant Norment Security Group, Inc.'s Answer to Complaint Counts I and II** with the Clerk of Court using the CM/ECF system, which will send notification of this filing to:

> Brantley W. Lyons, P.C.
> Attorney at Law
> 4256 Lomac Street
> Montgomery, AL 36106
>
> Chandra C. Wright, P.C.
> Attorney at Law
> P.O. Box 681862
> Prattville, AL 36068

                                                            s/ Bruce J. Downey
                                                              Bruce J. Downey