IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARDY B. WILLIAMS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:05CV-1220-T |
| ) | |
| NORMENT SECURITY GROUP, INC., ) | Judge W. Keith Watkins |
| TED ARKUSZESKI, JOHN WOODS, ) | |
| BURTICE BRIGHT, AND SHELBY DOE, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION TO DISMISS
### COUNTS I, III, AND, IV OF PLAINTIFF'S COMPLAINT

Defendants Norment Security Group, Inc. ("Norment"), Ted Arkuszeski ("Arkuszeski"), John Wood ("Wood"), incorrectly identified above as "John Woods," and Burtice Bright ("Bright") (collectively referred to herein as "Defendants"), by and through their attorneys and pursuant to FED. R. CIV. P. 12(b)(6), move to dismiss Count I of Plaintiff's Complaint against individual Defendants Arkuszeski, Wood, and Bright and Counts III and IV of Plaintiff's Complaint against all Defendants. In support of their motion, Defendants state as follows:

1. On December 23, 2005, Plaintiff Mardy B. Williams ("Plaintiff") filed a five-count Complaint against Defendants Norment, Arkuszeski, Wood, Bright, and "Shelby Doe."[1]

2. Count I alleges that Defendants wrongfully terminated Plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). As a matter of law, individuals may not be held liable under Title VII. Defendants Arkuszeski, Wood, and Bright

---

[1] The unnamed "Doe" defendant has not yet been identified by Plaintiff or, to Defendants' knowledge, served with the Complaint. Count V of the Complaint is directed only against the "Doe" defendant and, therefore, is not addressed in this motion.

CH1 11021642.1

are individuals employed by Defendant Norment.  Accordingly, Count I fails to state a claim against Defendants Arkuszeski, Wood, and Bright.

3. Count III alleges that all Defendants committed the tort of outrage against Plaintiff by allegedly harassing Plaintiff because of his race.  Outrage, as related to race harassment, is not a recognized cause of action in Alabama.  For this reason, Count III fails to state a claim against all Defendants.

4. Count IV alleges that Defendants negligently inflicted emotional distress upon Plaintiff.  Negligent infliction of emotional distress is not a recognized cause of action in Alabama.  Thus, Count IV fails to state a claim against all Defendants.

5. In further support of their motion, Defendants submit a memorandum of law herewith and incorporate herein by reference.

WHEREFORE, Defendants Norment, Arkuszeski, Wood, and Bright respectfully request that this Court grant their Motion to Dismiss Count I of Plaintiff's Complaint against individual Defendants Arkuszeski, Wood, and Bright and Counts III and IV of Plaintiff's Complaint against all Defendants with prejudice.

          Respectfully submitted,

          NORMENT SECURITY GROUP, INC., TED ARKUSZESKI, JOHN WOOD, AND BURTICE BRIGHT

          By       s/ Bruce J. Downey
                  One of Their Attorneys

**Dated: February 22, 2006**

Bruce J. Downey, III
Capell & Howard P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8000

John W. Powers (motion for admission *pro hac vice* pending)
Molly Eastman (motion for admission *pro hac vice* pending)
Seyfarth Shaw LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
(312) 269-8000

3

CH1 11021642.1

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2006, I electronically filed **Defendants' Motion to Dismiss Counts I, III, and IV of Plaintiff's Complaint** and **Defendants' Memorandum in Support of Their Motion to Dismiss Counts I, III, and IV of Plaintiff's Complaint** with the Clerk of Court using the CM/ECF system, which will send notification of this filing to:

> Brantley W. Lyons, P.C.
> Attorney at Law
> 4256 Lomac Street
> Montgomery, AL 36106
>
> Chandra C. Wright, P.C.
> Attorney at Law
> P.O. Box 681862
> Prattville, AL 36068

>             s/ Bruce J. Downey
>             Bruce J. Downey

CH1 11021642.1