IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARDY B. WILLIAMS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:05CV-1220-T |
| ) | |
| NORMENT SECURITY GROUP, INC., ) | Judge W. Keith Watkins |
| TED ARKUSZESKI, JOHN WOODS, ) | |
| BURTICE BRIGHT, AND SHELBY DOE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS COUNTS I, III, AND IV OF PLAINTIFF'S COMPLAINT**

Defendants Norment Security Group, Inc. ("Norment"), Ted Arkuszeski ("Arkuszeski"), John Wood ("Wood"), incorrectly identified above as "John Woods," and Burtice Bright ("Bright") (collectively referred to herein as "Defendants"), by and through their attorneys and pursuant to FED. R. CIV. P. 12(b)(6), submit this Memorandum of Law in Support of Their Motion to Dismiss Counts I, III, and IV of Plaintiff's Complaint.

**BACKGROUND**

Plaintiff Mardy B. Williams ("Plaintiff") alleges that he was subjected to race discrimination and harassment by Defendants in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000*e et seq*. ("Title VII") and 42 U.S.C. § 1981 (Counts I and II, respectively). He also alleges state law claims against Defendants for outrage (Count III), negligent infliction of emotional distress (Count IV), and tortious interference with employment relationship (Count V).[1]

---

[1] The unnamed "Doe" defendant has not yet been identified by Plaintiff or, to Defendants' knowledge, served with the Complaint. Count V of the Complaint is directed only against the

CH1 11021648.1

**ARGUMENT**

I.  **Plaintiff's Title VII Termination Claim (Count I) Fails To State A Claim Upon Which Relief Can Be Granted As To Defendants Arkuszeski, Wood, and Bright.**

In the Eleventh Circuit and its lower courts, employees cannot be held liable in their individual capacities under Title VII. *See Smith v. Lomax*, 45 F.3d 402, 404 n.4 (11th Cir. 1995) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.")); *Moss v. W & A Cleaners*, 111 F.Supp.2d 1181, 1186 (M.D. Ala. 2000) ("[I]n the Eleventh Circuit, a plaintiff may not bring a Title VII claim against an employer's agent in his or her individual capacity.") (citations omitted).

By Plaintiff's own admission, Defendant Arkuszeski was Plaintiff's immediate supervisor, Defendant Wood was Defendant Norment's plant manager, and Defendant Bright was Defendant Norment's human resources manager. (Cmplt. ¶¶ 3-5). Despite the fact that these three men are admittedly individual employees of Defendant Norment, Plaintiff's former employer, Plaintiff alleges in Count I of his Complaint that they wrongfully terminated his employment in violation of Title VII. As a matter of law, this Court must dismiss Count I as it relates to Defendants Arkuszesi, Wood, and Bright because Plaintiff may not bring Title VII claims against individual employees.

II.  **Plaintiff's Outrage Claim (Count III) Fails To State A Claim Upon Which Relief Can Be Granted.**

Alabama recognizes the tort of outrage in only three limited circumstances: (1) wrongful conduct within the context of family burials; (2) an insurance agent's coercing an insured into settling a claim; and (3) egregious sexual harassment. *See, e.g., Styron v. City of Foley*, No. 03-

---

"Doe" defendant and, therefore, is not addressed in this memorandum of law or underlying motion.

0572-CG-L, 2005 U.S. Dist. LEXIS 30076, at *21-*23 (S.D. Ala. Nov. 18, 2005); *Durham v. Philippou, CNG, Inc.*, 968 F.Supp. 648, 659 (M.D. Ala. 1997); *Stabler v. City of Mobile*, 844 So.2d 555, 560 (Ala. 2002).  Plaintiff has not alleged that Defendants committed the tort of outrage in the required context.  Rather, he claims that Defendants harassed him because of his race.  For this reason alone, this Court must dismiss Count III against Defendants.

     Even if Alabama law allowed an outrage claim based on race harassment, Plaintiff's alleged harassment did not rise to the level such that he could establish a valid claim.  "To establish the tort of outrage, the plaintiff must prove three elements: (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was likely to result from his conduct; (2) the conduct was extreme and outrageous; and (3) the distress was severe."  *Durham*, 968 F.Supp. at 659.  Liability for the tort of outrage is established only when "the alleged conduct was [] so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society."  *Styron*, 2005 U.S. Dist. LEXIS 30076 at *25 (citation omitted).

     Plaintiff claims only that Defendants terminated him.  (Cmplt ¶ 51).  This allegation is not "so outrageous in character and so extreme in degree" to enable him to state a valid outrage claim.  No state or federal court applying Alabama law has ever found termination alone to be sufficiently extreme and outrageous to state an outrage claim.  To the contrary, allegations more serious than those in Plaintiff's Complaint have been held insufficient to state an outrage claim.  For example, in *Grantham v. Vanderzyl*, 802 So.2d 1077 (Ala. 2001), a surgical nurse alleged that her employing doctor committed the tort of outrage against her by taking one of the surgical drapes containing an HIV-positive patient's blood and refuse, throwing it at the nurse, and stating, "I don't give a damn," upon seeing the patient's blood on the nurse's face.  The hospital

3

advised the nurse to consider herself HIV-positive, and she underwent periodic blood tests for HIV, hepatitis, and other diseases for one year.  Despite the doctor's extreme actions and the nurse's resulting psychological distress, the *Grantham* court stated that the nurse's allegations, "even if true, do not state conduct rising to the level required to constitute the tort of outrage under Alabama law."  *Grantham*, 802 So.2d at 1081.

Plaintiffs' allegation in this case that he was wrongfully terminated does not even rise to the level of that rejected as insufficiently outrageous in *Grantham*.  Thus, as in *Grantham*, this Court should dismiss Plaintiff's outrage claim against Defendants as a matter of law.

**III.     Plaintiff's Negligent Infliction Of Emotional Distress Claim (Count IV) Fails To State A Claim Upon Which Relief Can Be Granted.**

Alabama does not recognize a cause of action for negligent infliction of emotional distress.  *See, e.g., Taylor v. State of Alabama*, 95 F.Supp.2d 1297, 1318 (M.D. Ala. 2000) (dismissing plaintiff's state law claim for negligent infliction of emotional distress based on the fact that Alabama does not recognize the cause of action); *Allen v. Walker*, 569 So.2d 350, 352 (Ala. 1990) ("There is no cause of action for the negligent infliction of emotional distress.").  *See also Gideon v. Norfolk Southern Corp.*, 633 So.2d 453 (Ala. 1994).  Accordingly, Plaintiff's negligent infliction of emotional distress claim against all Defendants must be dismissed as a matter of law.

## CONCLUSION

Based on the foregoing, Defendants respectfully request this Court to dismiss Count I of Plaintiff's Complaint against individual Defendants Arkuszeski, Wood, and Bright and Counts III and IV of Plaintiff's Complaint against all Defendants with prejudice.

CH1 11021648.1

Respectfully submitted,

NORMENT SECURITY GROUP, INC., TED ARKUSZESKI, JOHN WOOD, AND BURTICE BRIGHT


By            s/ Bruce J. Downey
                     One of Their Attorneys

**Dated: February 22, 2006**

Bruce J. Downey, III
Capell & Howard P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8000

John W. Powers (motion for admission *pro hac vice* pending)
Molly Eastman (motion for admission *pro hac vice* pending)
Seyfarth Shaw LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
(312) 346-8000

5