IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAR 14  P 1:57

\_\_RA P. HACKETT, CL\_\_
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MARDY B. WILLIAMS, SR., | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 2:05CV-1220-WKW |
| NORMENT SECURITY GROUP, INC.; TED ARKUSZESKI; JOHN WOODS; BURTICE BRIGHT; and SHELBY DOE; | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS**

COMES NOW the Plaintiff, Mardy B. Williams, Sr., in the above-styled action and files his response to Defendants' Motion to Dismiss and their Memorandum in Support as follows:

**ARGUMENT**

**I. PLAINTIFF'S TITLE VII CLAIM (COUNT I) STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO DEFENDANTS ARKUSZESKI, WOOD AND BRIGHT**

Plaintiff named Defendants Arkuszeski, Wood (apparently incorrectly identified as "Woods" throughout Plaintiff's Complaint) and Bright in their official capacities as agents of Defendant Norment, the employer of the individual defendants as well as the Plaintiff. Pursuant to Title VII, an employer is defined as a "person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person." 42 U.S.C. 2000e(b). The Eleventh Circuit has read Title VII to hold that the proper method for a plaintiff to recover under Title VII is to sue the employer, either by suing the employer

company directly or by naming the supervisory employees as agents of the employer company. Busby v. City of Orlando, 931 F.2d 764 (11th Cir. 5/17/1991). The Eleventh Circuit has further stated that the reference to an employer's agent serves to establish liability under the theory of *respondeat superior*. Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996). In Moss v. W & A Cleaners, this Court has recognized a couple of situations in which pursuing individual liability might be necessary: 1) where the employer goes bankrupt or 2) where it is necessary to "pierce the corporate veil" of the employer. 111 F.Supp.2d 1181, 1186 (FN9) and it is conceivable that there might be other reasons as well. As no discovery has taken place at this stage of this litigation and Plaintiff has no knowledge of Defendant Norment's financial condition, Plaintiff respectfully requests that the individual defendants not be dismissed until discovery has been conducted and Plaintiff is satisfied that Defendant Norment is financially able to provide an appropriate recovery for Plaintiff's claims. The individual defendants request for dismissal is premature and they will not be unduly burdened or prejudiced by waiting until after discovery has been conducted and re-filing their request for dismissal in a motion for summary judgment if it is appropriate at that stage.

**II. PLAINTIFF'S OUTRAGE CLAIM (COUNT III) STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST DEFENDANTS**

Defendants request to have Plaintiff's claim of outrage is likewise premature. The tort of outrage was first established in American Road Service Co. v. Inmon, which set forth the three required elements: 1) unprivileged, intentional or reckless conduct of 2) an extreme and outrageous nature which 3) causes severe emotional distress. 394 So.2d 361, 365 (Ala. 1980). While Plaintiff concedes that outrage is not easily proven in Alabama

and that outrage has only been found in a limited number of circumstances, Plaintiff believes the conduct he has been subjected to at the hands of the Defendants meets the required elements and that he is entitled to conduct discovery on the issue and flesh out his claims. Alabama is a notice-pleading state and a plaintiff is not required to specifically list all of the facts giving rise to his claims but rather to give defendants a general notice of the claims against them. Fed.R.Civ.P. 8(a). Plaintiff respectfully requests that Defendants' Motion to Dismiss his claim for the tort of Outrage be dismissed.

### III. PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM (COUNT IV) SHOULD BE DISMISSED.

Upon further review of the case law of the State of Alabama, Plaintiff concedes that at this time Alabama does not recognize a cause of action for negligent infliction of emotional distress and that dismissal of Count IV of Plaintiff's Complaint is proper.

### CONCLUSION

Based on the foregoing arguments, Plaintiff respectfully requests that Defendants' Motion to Dismiss Counts I and III of Plaintiff's Complaint be denied while conceding that dismissal of Count IV is proper under the law of the State of Alabama.

Respectfully submitted this the 14th day of March, 2006.

_____
BRANTLEY W. LYONS (LYO005)
Attorney for Plaintiff

OF COUNSEL:
Brantley W. Lyons, P.C.
Attorney at Law
4256 Lomac Street
Montgomery, AL 36106
Telephone: (334) 270-0157
Facsimile:  (334) 270-8580

*Chandra C Wright*
CHANDRA C. WRIGHT (WRI037)
Attorney for Plaintiff

OF COUNSEL:
Chandra C. Wright, P.C.
Attorney at Law
P.O. Box 681862
Prattville, Alabama 36068
Telephone: (334) 315-5905
Facsimile:  (334) 356-1733

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above document on the following counsel and/or parties by placing a copy of same in the United States Mail, first class postage prepaid, on this the 14th day of March, 2006.

Bruce J. Downey, III          John W. Powers
Capell & Howard, P.C.         Molly Eastman
P.O. Box 2069                 Seyfarth Shaw, L.L.P.
Montgomery, AL 36102-2069     55 East Monroe Street, Ste 4200
                              Chicago, IL 60603

_____
OF COUNSEL