IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARDY B. WILLIAMS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:05CV-1220-T |
| ) | |
| NORMENT SECURITY GROUP, INC., ) | Judge W. Keith Watkins |
| TED ARKUSZESKI, JOHN WOODS, ) | |
| BURTICE BRIGHT, AND SHELBY DOE, ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTS I, III, AND, IV OF PLAINTIFF'S COMPLAINT**

Defendants Norment Security Group, Inc. ("Norment"), Ted Arkuszeski ("Arkuszeski"), John Wood ("Wood"), incorrectly identified above as "John Woods," and Burtice Bright ("Bright") (collectively referred to herein as "Defendants"), submit the following reply in support of their Motion to Dismiss Counts I, III, and IV of Plaintiff's Complaint.

## ARGUMENT

**I.    This Court Should Dismiss Plaintiff's Title VII Claim (Count I) Against the Individual Defendants Because Title VII Does Not Allow for Recovery Against Supervisors Sued in Their Individual Capacities.**

Plaintiff claims that the Eleventh Circuit Court of Appeals ("Eleventh Circuit") recognizes the theory of individual liability under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000*e et seq.* ("Title VII"). In support of his position, he cites two decisions from the Eleventh Circuit and one decision from this Court. Far from supporting Plaintiff's position, these decisions support Defendant's arguments that plaintiffs may not bring Title VII claims against individual defendants.

CH1 11036137.1

*Busby v. City of Orland* makes the Eleventh Circuit's position on this subject clear: "Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." 931 F.2d 764, 772 (11th Cir. 1991) (emphasis in original). In his response brief, Plaintiff keys in on language in *Busby* indicating that employees may effectively sue their employer by naming supervisors, as agents of their employer, in lieu of naming their employer directly. However, when plaintiffs name their supervisors as defendants instead of their employer, "[s]uch claims ought to be considered as made against the [employer]," *i.e.*, the supervisors have no individual liability. *Id.* Where the employer is a named defendant, courts should dismiss claims against the individual supervisors. *Id.*

Likewise, in *Mason v. Stallings*, to which Plaintiff also cites in support of his position, the Eleventh Circuit states: "This Circuit has previously held that there is no individual responsibility under [Title VII]." 82 F.3d 1007, 1009 (11th Cir. 1996). Plaintiff uses the *Moss* decision to argue that "reference to an employer's agent serves to establish liability under the theory of *respondeat superior*." Thus, by Plaintiff's own admission, the references to his supervisors do nothing more than establish Norment's potential liability under the *respondeat superior* doctrine. *See id.* ("[T]he 'agent' language was included to ensure *respondeat superior* liability *of the employer* for acts of its agents.") (emphasis added).

Plaintiff asserts that in certain circumstances individuals may be liable under Title VII. However, in *Moss v. W&A Cleaners*, 111 F.Supp.2d 1181 (M.D. Ala.), to which Plaintiff cites for support of his proposition, demonstrates just how limited these circumstances are. The *Moss* court states that the Eleventh Circuit *may* allow individual liability under Title VII *if* those individuals own the company *and* the company is bankrupt and/or it is necessary to pierce the corporate veil. *Id.* at 1186 n.9. Nonetheless, where, as here, "there are no facts in the []

2

Complaint indicating that the [employer] is insolvent or that the [owners] have disregarded the corporate form of the [company employer]," then claims against individual defendants must be dismissed. *Id.* at 1186. Plaintiff makes no claims in his complaint that Defendants Arkuseski, Wood, and Bright own Norment. Plaintiff also does not allege that Norment is insolvent or that Defendants have done any wrongful acts such that this Court should pierce the corporate veil. Accordingly, there is no basis for Defendants Arkuseski's, Wood's, and Bright's individual liability under Title VII under the facts alleged in Plaintiff's complaint, even according to the cases to which Plaintiff cites. *See also id.* at 1187 ("[I]f a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action.").

II.  **This Court Should Dismiss Plaintiff's Outrage Claim (Count III) Because Plaintiff's Claims Do Not Encompass the Very Limited Circumstances Under Which the Tort of Outrage May Be Established.**

Plaintiff admits that courts have found a valid cause of action related to the tort of outrage only in a limited number of circumstances. Nonetheless, he asks this Court not to dismiss his outrage claim because "Alabama is a notice-pleading state and a plaintiff is not required to specifically list all of the facts giving rise to his claims." Although this is true in notice-pleading jurisdictions, Plaintiff must at least allege facts establishing that his lawsuit involves one of the three circumstances under which Alabama recognizes the tort of outrage: (1) wrongful conduct within the context of family burials; (2) an insurance agent's coercion of an insured into settling a claim; and (3) egregious sexual harassment. *See, e.g., Styron v. City of Foley*, No. 03-C-0572-CG-L, 2005 U.S. Dist. LEXIS 30076, at *21-*23 (S.D. Ala. Nov. 18, 2005); *Durham v. Philippou, CNG, Inc.*, 968 F.Supp. 648, 659 (M.D. Ala. 1997); *Stabler v. City of Mobile*, 844 So.2d 555, 560 (Ala. 2002). It is clear from the face of Plaintiff's complaint that he alleges claims of race discrimination under Title VII. He does not allege claims related to sex

3

harassment under Title VII, insurance coercion, or wrongful conduct related to family burials. As such, Plaintiff fails to state a claim of outrage under which relief may be granted.

### III. This Court Should Dismiss Plaintiff's Negligent Infliction of Emotional Distress Claim (Count IV) Given Plaintiff's Concession That This Tort Is Not a Recognized Cause of Action in Alabama.

In his response brief, Plaintiff concedes that "Alabama does not recognize a cause of action for negligent infliction of emotional distress" and that this Courts dismissal of his negligent infliction of emotional distress claim (Count IV) "is proper." Accordingly, this Court should dismiss Count IV of Plaintiff's complaint against Defendants.

### CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court dismiss Count I against the individual defendants and Counts III and IV against all Defendants.

Respectfully submitted,

NORMENT SECURITY GROUP, INC., TED ARKUSZESKI, JOHN WOOD, AND BURTICE BRIGHT


By _____s/ Bruce J. Downey_____
One of Their Attorneys

**Dated: March 21, 2006**

Bruce J. Downey, III
Capell & Howard P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8000

John W. Powers (admitted *pro hac vice*)
Molly Eastman (admitted *pro hac vice*)
Seyfarth Shaw LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
(312) 269-8000

CH1 11036137.1

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2006, I electronically filed **Defendants' Reply in Support of Motion to Dismiss Counts I, III, and IV of Plaintiff's Complaint** with the Clerk of Court using the CM/ECF system, which will send notification of this filing to:

>Brantley W. Lyons, P.C.
>Attorney at Law
>4256 Lomac Street
>Montgomery, AL 36106
>
>Chandra C. Wright, P.C.
>Attorney at Law
>P.O. Box 681862
>Prattville, AL 36068

>_____s/ Bruce J. Downey_____
>Bruce J. Downey